United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL DEAVER, individually and on behalf of all others similarly situated and on behalf of the general public<br><br>Plaintiffs,<br><br>v.<br><br>BBVA COMPASS CONSULTING AND BENEFITS, INC.; et al.,<br><br>Defendants. | Case Nos.:  13-cv-0222 JSC<br>               13-cv-4598 JSC<br><br>**ORDER TO SHOW CAUSE RE: PENDING APPEAL** |

Plaintiff filed this putative state law wage and hour class action in Alameda County Superior Court on November 19, 2012. Defendants BBVA Compass Insurance Agency, Inc. and Compass Bank (collectively "Defendants") subsequently removed the case to federal court under the Class Action Fairness Act ("CAFA") of 2005. *See* 28 U.S.C. §§ 1332(d), 1441, 1453. On May 17, 2013, this Court granted Plaintiff's Motion to Remand in *Deaver v. BVA Compass Consulting and Benefits, Inc.*, No. 13-cv-0222 (Dkt. No. 32). Defendants timely filed a petition for permission to appeal with the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. 1453(c). While the petition was pending, the Ninth Circuit issued *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013), which overruled

prior circuit court precedent regarding CAFA jurisdiction. Although the petition for permission to appeal remains pending with the Ninth Circuit, Plaintiff (the respondent) was ordered to show cause as to why the petition should not be summarily granted and remanded to this Court in light of *Rodriguez*. The parties have both filed responses to the Ninth Circuit's order.

Concurrently, the case proceeded in the Alameda County Superior Court until October 4, 2013 when Defendants filed a second notice of removal. *See Deaver v. BVA Compass Consulting and Benefits, Inc.*, No. 13-cv-4598 (Dkt. No. 1). The two removal actions were related and are currently pending before the undersigned. Shortly after removal, Defendants filed a motion to dismiss and motion to transfer venue (Dkt. Nos. 13 & 14) and Plaintiff filed a motion to remand (Dkt. No. 25), which are set for hearing on December 12, 2013.

Given the procedural posture of this case, the parties are ORDERED TO SHOW CAUSE as to why the pending motions should not be held in abeyance pending disposition of the petition for permission to appeal. It is at least likely that the Ninth Circuit will grant the petition and remand the action to this Court in which case the original complaint would be back before the Court. Why should the Court review an intervening complaint to determine if removal is proper prior to reconsidering whether the original complaint was properly removed? The parties shall submit simultaneous briefs in response to this Order by December 20, 2013.

The hearing on the pending motions scheduled for December 12, 2013 is hereby taken off calendar.

**IT IS SO ORDERED.**

Dated: December 5, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE